UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SATHYA RAO,

    Plaintiff,

v.

DAIMLER CHRYSLER CORPORATION,

    Defendant.
_____/

Case No. 06-13723

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SARBANES-OXLEY CLAIM [10]**

Pending before this Court is Defendant Daimler Chrysler Corporation's motion to dismiss Plaintiff Sathya Rao's Sarbanes-Oxley claim, filed on March 30, 2007. Although titled as a motion to dismiss, the Court will address this as a motion for summary judgment under Fed. R. Civ. P. 56 due to the fact that the parties both cite materials outside of the pleadings. *See* Fed. R. Civ. P. 12(b).

Plaintiff's Amended Complaint[1] raises two claims against Defendant: (1) unlawful retaliation and discrimination due to Plaintiff's national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and (2) unlawful retaliation in violation of the whistleblower protection provisions of the Sarbanes-Oxley Corporate Criminal and Accountability Act of 2002 ("SOX"), 18 U.S.C. § 1514A. As noted, Defendant's instant motion only seeks to dismiss Plaintiff's SOX claim.

---

[1]All references to the "Complaint" refer to Plaintiff's Amended Complaint.

1

In support of its motion, Defendant argues that this portion of SOX only applies to publicly traded companies, and Defendant does not qualify because it is merely a corporate subsidiary of a public company, and is not itself publicly traded. Although agents of public companies are also covered under SOX, Defendant argues that it was not an agent of its parent under the facts of this case either. Finally, Defendant argues that Plaintiff did not engage in a protected activity by disclosing these activities because the alleged violations did not pertain to matters that would be material to shareholders.

Plaintiff responds that this part of SOX should be read to include publicly traded corporations and the corporate subsidiaries whose financial information is consolidated in the parent company's financial statements. Alternatively, Plaintiff asserts that Defendant was serving as an agent of its corporate parent in this matter, and claims that the alleged violations he reported were material.

For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss Plaintiff's SOX claim.

**I. FACTS**

Defendant Daimler Chrysler Corporation is a thrice-removed corporate subsidiary of its end parent, DaimlerChrysler AG, who is not a party to this case.[2] (Def.'s Mot. to Dismiss (hereinafter, "Def.'s Mot.") at 4.) DaimlerChrysler AG is publicly traded, but Defendant is not itself a public company. (*Id.*)

Defendant employed Plaintiff starting in 1994, and he progressed through a

---

[2]Plaintiff cannot seek leave to amend his Complaint to add DaimlerChrysler AG as a party. Since Plaintiff has not yet filed a complaint against that entity with the Department of Labor, this Court would not have subject matter jurisdiction. 18 U.S.C. § 1514A(b)(1).

2

number of positions, finally becoming a supervisor of one of Defendant's engineering and technical departments. During the relevant time period, Plaintiff's direct supervisor was Carolyn Andrek. (*Id.*)

Between December 2004 and January 2005, Plaintiff filed complaints with a number of Defendant's internal departments, including Human Resources. In addition to claiming that Andrek and some of his other supervisors were discriminating against him on the basis of national origin, Plaintiff also reported Andrek's alleged violations of numerous internal policies and procedures. (Compl. ¶ 54.) These included improperly recognizing revenue between various accounting periods, ordering Plaintiff to submit incorrect financial statements to support these actions, bypassing internal accounting and reporting procedures, reducing the value of some of Defendant's assets in its inventory system to zero and removing these items from the premises, and improper use of employee expense cards. (*Id.* ¶ 56.)

Plaintiff alleges that, as a result of his complaints, Defendant engaged in a number of retaliatory actions, including: failing to promote him, effective demotion from a supervisory to non-supervisory position, and not addressing a hostile work environment that his managers created. (*Id.* ¶ 57.) On August 10, 2005, Plaintiff experienced chest pains and other physical symptoms which he claims are related to Defendant's conduct, and has been on medical leave from work since that time. (*Id.* ¶ 70.)

## II. STANDARD OF REVIEW – MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient

3

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. ANALYSIS

SOX's whistleblower protection provision states, in the relevant part, that:

> No *company* [that is publicly traded], or any officer, employee, contractor, subcontractor, or *agent* of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee--
>
> (1) to provide information, cause information to be provided, or otherwise

4

> assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . . .

18 U.S.C. § 1514A(a) (emphasis added).

In support of the instant motion, Defendant argues that (1) Plaintiff is not a protected employee under § 1514A because Defendant is not a public company, nor is Defendant an agent of a public company, and (2) even if Plaintiff is a protected employee, the items that he reported would not be material to DaimlerChrysler AG's shareholders, so Plaintiff did not engage in protected activity under § 1514A.

### A. Plaintiff is not a Protected Employee Under SOX

As noted above, an individual employed by a public company is protected for disclosing certain securities law violations. In addition, employees of entities with certain relationships to publicly traded companies, including agents of such companies, receive whistleblower protection under § 1514A as well. Defendant asserts that it meets neither of these categories and, thus, that Plaintiff is not a covered employee for SOX purposes.

#### 1. Defendant is not a public company so § 1514A does not apply

Plaintiff does not dispute Defendant's assertion that Defendant is not itself a public company, and that it is only a subsidiary of its publicly traded parent, DaimlerChrysler AG. Regardless, Plaintiff asserts that a number of Department of Labor administrative law judge ("ALJ") opinions,[3] indicate that employees of subsidiaries of a publicly traded parent company remain covered under SOX's whistleblower protection provisions. This

---

[3] All such ALJ opinions are available at www.oalj.dol.gov.

Court may consider such opinions as guidance in SOX cases, given "the dearth of federal court decisions addressing the issue," *Livingston v. Wyeth, Inc.*, No. 1:03CV00919, 2006 WL 2129794 at *8 (M.D.N.C. July 28, 2006), but such opinions are not binding authority.

Primarily, Plaintiff cites *Morefield v. Excelon Services, Inc.*, 2004-SOX-00002 (A.L.J. Jan. 24, 2004). There, the complainant sued both his employer, which was not publicly traded, as well as its public parent company, alleging a violation of § 1514A. The respondents in that case raised the same argument that Defendant asserts here in support of their motion to dismiss, but the ALJ denied the motion on two primary grounds. *Morefield*, 2004-SOX-00002 at 9. First, the ALJ considered the broad purpose of SOX, which was to avoid the well-known accounting fraud that occurred at several large public companies prior to Congress enacting the statute. *Id.* at 3-6. Although Congress did not specifically include the corporate subsidiaries of public companies within the purview of § 1514A, the ALJ noted that "[a] publicly traded corporation is, for Sarbanes-Oxley purposes, the sum of its constituent units; and Congress insisted upon accuracy and integrity in financial reporting at all levels of the corporate structure, including the non-publicly traded subsidiaries." *Id.* at 6.

Next, the *Morefield* ALJ distinguished two other opinions that the respondents cited in support of their motion in that case, but only one is relevant for purposes of this motion. *See Powers v. Pinnacle Airlines, Inc.*, 2003-AIR-00012 (A.L.J. Mar. 5, 2003). There, the complainant had sued only his non-public employer, and not the publicly traded parent, so the facts of that case were distinguishable from *Morefield* because the latter complainant had sued both relevant entities in his case. *Id.* at 7.

6

The second part of *Morefield*'s holding does not help Plaintiff here, as he has only sued a non-public subsidiary, which makes the instant facts align closer with those of *Powers*. Thus, the only part of the *Morefield* opinion that applies here, and such rationale could apply to any SOX case, is the ALJ's conclusion that the underlying purposes of the statute support extending § 1514A's protections to employees of non-public subsidiaries of public companies.[4]

As Defendant points out, there are a growing number of opinions among ALJs coming to the conclusion that a § 1514A plaintiff must name the public parent of its employer in order to have a valid whistleblower claim under SOX. *See Morefield*, 2004-SOX-00002; *Powers*, 2003-AIR-00012; *Klopfenstein v. PCC Flow Technologies Holdings, Inc.*, A.R.B. No. 04-149 (A.R.B. May 31, 2006). In addition, at least two ALJs have rejected the broad interpretation of SOX's purposes from *Morefield*, instead appealing to the general principle of corporate law that a parent is not automatically liable for the actions of a subsidiary, absent a clear intent from Congress to the contrary. *Lowe v. Terminix Int'l Co., LP*, 2006-SOX-00089 at 7-8 (A.L.J. Sept. 15, 2006); *Bothwell v. Am. Income Life*, 2005-SOX-00057 at 6 (A.L.J. Sept. 19, 2005). Specifically, the

---

[4]Plaintiff's citation to *Gonzalez v. Colonial Bank*, 2004-SOX-00039 (A.L.J. Aug. 20, 2004), is also misplaced, given that in that case, and three others cited by the ALJ in his opinion, the complainant had sued *both* his non-public employer as well as its public parent. Thus, *Gonzalez* fails to support Plaintiff's argument on this point for the same reason as *Morefield* and *Powers*.

Furthermore, Plaintiff is incorrect when he states that "[t]he First Circuit cited *Morefield*'s analysis with approval in *Carnero v. Boston Scientific Corp.*, 433 F.3d 1, 6 (1st Cir. 2006)." (Pl.'s Resp. at 6.) There, the First Circuit merely cited *Morefield* and assumed for purposes of argument that SOX covered the employee at issue in *Carnero*–it did not engage in any analysis of the ALJ's reasoning in *Morefield.*

7

ALJs noted that Congress included subsidiaries along with parent companies in other areas of SOX besides the whistleblower protection provision. Such reasoning leads to a conclusion that Congress could have specifically included subsidiaries within the purview of § 1514A if they wanted to, so this indicates that the general corporate law principle would govern and employees of non-public subsidiaries are not covered under § 1514A.

On the other hand, the Court is mindful of the backdrop against which Congress enacted SOX. At that time, investors were dealing with the impact of accounting fraud and financial collapse at some of this country's largest and most well-known public companies. It is clear that Congress intended for SOX to make major changes across broad swaths of the law in order to discourage wrongdoing that would weaken the bedrock of the corporate and financial world–the necessary assumption that a company's accounting statements are a true reflection of its current operating performance and financial condition. As the ALJ in *Morefield* noted, such concerns would support the inclusion of a public company's subsidiaries within SOX's whistleblower protection provision because financial misstatements at the level of those entities would affect the public parent's results once the figures are consolidated.

The Court also recognizes that the above mentioned ALJ decisions create a somewhat mechanical rule in requiring a whistleblowing plaintiff to name the public parent of a non-public entity. That said, the fact remains that Congress only listed employees of public companies as protected individuals under § 1514A, and it is not the job of this Court to rewrite clear statutory text. This is especially so in light of the corporate law principle that parent companies are not ipso facto liable for the actions of

their subsidiaries, and that Congress specifically overrode this principle when it wanted to by mentioning subsidiaries of public companies in other portions of SOX.

As Defendant is not a publicly traded company and Plaintiff did not name Defendant's end parent as a party in this case, Defendant's motion to dismiss is GRANTED on this ground.

### 2. Defendant is not liable as an agent of DaimlerChrysler AG

Since SOX does not provide a further definition of agent in relation to § 1514A, common law agency principles should apply in determining whether Defendant was acting as an agent of DaimlerChrysler AG in its actions towards Plaintiff. *Klopfenstein*, A.R.B. No. 04-149 at 14. Under the Second Restatement of Agency § 1(1), cmt. b: "[a]gency is a legal concept which depends upon the existence of required factual elements: the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking." In *Klopfenstein*, the ARB panel[5] noted that the agency at issue must also relate to employment matters in order to be covered under the whistleblower protection provisions of § 1514A, and remanded the case to the ALJ for further factfinding on the agency issue. *Klopfenstein*, A.R.B. No. 04-149 at 16. On remand, the ALJ found that the public parent was acting as the non-public subsidiary's agent with regards to the complainant's termination due to overlapping executives between the two entities, as well as evidence that the parent's executives were directly

---

[5]The Administrative Review Board of the Department of Labor serves the same function relative to an ALJ as the Court of Appeals does to a district judge in the federal Article III court system.

involved in the employment decision. *Klopfenstein v. PCC Flow Technologies Holdings, Inc.*, 2004-SOX-00011 at 4-5 (A.L.J. Oct. 13, 2006). *See also Brady v. Calyon Secs. (USA)*, 406 F. Supp. 2d 307, 318 n.6 (S.D.N.Y. 2005) (collecting other Department of Labor ALJ decisions holding that the agency must be employment-related to apply for SOX purposes).

As Defendant's brief notes, Plaintiff makes no allegations whatsoever that anyone at DaimlerChrysler AG even knew of the decisions regarding Plaintiff's employment, much less took part in those ground-level decisions. It is true that Plaintiff has not had the benefit of full discovery in this case, but his Amended Complaint only mentions employees of Defendant as those that were aware of the situation and his complaints, and does not even assert that anyone at the parent company had such knowledge. (Compl. ¶ 54.) Thus, Plaintiff has failed to properly allege that Defendant was acting as DaimlerChrysler AG's agent in this case, and his alternative ground for showing that SOX's whistleblower protection provisions apply is also without merit.[6]

## IV. CONCLUSION

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Defendant's motion to dismiss Plaintiff's SOX claim is GRANTED.

---

[6]Since SOX's whistleblower protection provisions do not apply to Defendant, it is unnecessary to address its alternative argument regarding the nature and immateriality of the wrongdoings that Plaintiff alleged.

s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated:  May 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2007, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager